# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OSRAM SYLVANIA INC. and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>    Defendants. | Civil Action No. 3:14-cv-1621<br>Judge |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and by and through its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607. The United States seeks recovery of its unreimbursed costs that have been or will be incurred by the United States in response to the release and/or threatened release of hazardous substances at and from the Ottawa Lead Superfund Site ("Site"). The Site is comprised of three properties in the Village of Ottawa, Putnam County, Ohio: 440 East Second Street, 1001 North Defiance Street, and 235 Blanchard Street.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and each Defendant pursuant to 28 U.S.C. §§ 1331 and 1345 because this is a civil action commenced by the United States that arises under the laws of the United States. This Court has exclusive original jurisdiction over this action pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), because it concerns controversies arising under CERCLA.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the releases of hazardous substances from the Site occurred in this district and because the events or omissions giving rise to the claims herein occurred in this district.

**DEFENDANTS**

4. OSRAM SYLVANIA Inc. ("OSRAM") is a defendant in this matter, on its own and as corporate successor or predecessor to (i) GTE Products of Connecticut Corporation; (ii) GTE Corporation; (iii) Sylvania Electric Products, Inc.; (iv) GTE Sylvania Incorporated; (v) OSRAM SYLVANIA Products Inc.; (vi) Siemens Corporation; (vii) Siemens Industry, Inc.; (viii) OSRAM GmbH; and (ix) OSRAM AG. OSRAM is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 100 Endicott Street, Danvers, Massachusetts. OSRAM is the successor corporation to GTE Products Corporation, which, along with its corporate predecessors, owned and operated a manufacturing plant located at 700 North Pratt Street in Ottawa ("Plant") from 1948 to 1981. The Plant, which manufactured glass cathode ray tubes for televisions, generated the waste relevant in this matter.

5. Philips Electronics North America Corporation ("Philips") is a defendant in this matter, on its own and as corporate successor or predecessor to (i) North American Philips

Corporation; (ii) Philips Display Components Company, a division of North American Philips Corporation; (iii) LG.Philips Displays USA Inc.; (iv) North American Philips Consumer Electronics Company; (v) North American Philips Consumer Electronics Corp.; (vi) North American Philips Lighting Corporation: (vii) The Magnavox Company; and (viii) Philips ECG, Inc.  Philips is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 200 Franklin Square Dr., Somerset, New Jersey.  Philips ECG, Inc., a subsidiary of Philips which merged into Philips in 1998, purchased the Plant from GTE Products Corporation in 1981.  Philips was the owner and operator of the Plant, and/or the parent corporation of subsidiary corporations that owned and operated the Plant, from 1981 until the Plant was shut down in 2003.

6. Each Defendant is a "person" within the meaning of CERCLA Sections 101(21) and 107, 42 U.S.C. §§ 9601(21) and 9607.

## GENERAL ALLEGATIONS

7. The Site is comprised of three properties in the Village of Ottawa, Putnam County, Ohio: 440 East Second Street, 1001 North Defiance Street, and 235 Blanchard Street.  The Defiance Street parcel houses an apartment complex.  The other two parcels have been vacant since 2007, when the single-family homes on such parcels were demolished following flood damage.

8. Beginning in 1948, Newland Hauling Company ("Newland Hauling") picked up waste, including lead-containing off-spec glass cathode ray tubes, from the Plant and disposed of such waste at all three parcels of the Site.  The glass waste included frit seals, which contain lead and are particularly prone to leaching lead.

- 3 -

9. After 1976, Newland Hauling continued to pick up lead-contaminated waste from the Plant and disposed of it at the East Second Street parcel, and possibly at the other parcels.

10. Beginning in the early 1990s, Newland Hauling stopped bringing waste from the Plant to any of the three parcels that comprise the Site.

11. In June 2008, a resident on the East Second Street parcel contacted the Ohio Environmental Protection Agency ("OEPA") after encountering glass waste on her property.

12. OEPA referred the matter to EPA in November 2008 after OEPA's initial sampling showed that the glass waste at the East Second Street parcel had a lead toxicity characteristic of 101 mg/L, which exceeded the lead limit of 5 mg/L established at 40 C.F.R. §261.24.

13. In April 2009, EPA and OEPA performed a limited assessment of the Site. Surface soil samples showed levels of lead as high as 1,340 ppm.

14. An action memorandum was signed on September 26, 2009 for EPA to conduct a fund-lead time-critical removal action at the Site. EPA determined that the actual release or threatened release of hazardous substances at the Site posed an imminent and substantial endangerment to public health, welfare, and the environment.

15. Between October 4, 2010 and January 6, 2011, EPA conducted a removal action at the Site. Removal activities included excavation and removal of contaminated soil and damaged drums containing waste that were discovered during the soil removal. EPA observed crushed glass and frit seals in the soil that was removed.

16. During removal activities at the East Second Street location, EPA removed 166 truckloads of lead-impacted soil, three 55-gallon steel drums, and some drum fragments. During removal activities at the North Defiance Street location, EPA removed a total of 50 truckloads of

lead-impacted soil, 16 truckloads of D008 hazardous waste, and nine 55-gallon drums. During removal activities at the Blanchard Street location, 29 truckloads of lead-impacted soil were removed. A total of 245 truckloads, or approximately 4815.55 tons, of lead-impacted soil and a total of 16 truck-loads, or approximately 257.13 tons, of D008 hazardous material were removed from the Site. In addition, 1,200 lbs of non-regulated solid material and 275 gallons of liquid waste were disposed of off-site by EPA.

17. EPA has expended at least $1,296,230 in costs for its response activities related to the Site. The costs for the work at the Site can be roughly allocated as follows: East Second Street- 50%; North Defiance Street- 23%; and Blanchard Street- 27%. EPA has continued and will continue to incur response costs, including enforcement costs, as a result of the release of hazardous substances at the Site.

## CLAIM FOR RELIEF
**(Recovery of Response Costs)**

18. The allegations appearing in Paragraphs 1 through 17 above are realleged and incorporated herein by reference.

19. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part: "(3) any person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and… from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for - (A) all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan..."

20. Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides, in pertinent part: "In any such action [for recovery of costs] ... , the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

21. Defendants OSRAM and Philips owned or possessed hazardous substances generated by the Plant and arranged with a transporter for transport for disposal or treatment of those hazardous substances within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a).

22. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), because it is a building, site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located.

23. There have been "releases," or the substantial threat of releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances at or from the Site, including releases or threatened releases of lead.

24. In response to the release or substantial threat of release of hazardous substances at the Site, the United States has taken response actions at the Site within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and has incurred response costs as set forth in Paragraph 17 in connection with those response actions. Additional response costs have been and continue to be incurred, including enforcement costs.

25. The response action taken, and the response costs incurred, by the United States at or in connection with the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

26. Defendants OSRAM and Philips are jointly and severally liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all un-reimbursed response costs incurred, and to be incurred, by the United States in connection with the East Second Street parcel of the Site, including enforcement costs and prejudgment interest on such costs.

27. Defendant OSRAM is liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all un-reimbursed response costs incurred, and to be incurred, by the United States in connection with the North Defiance Street and Blanchard Street parcels of the Site, including enforcement costs and prejudgment interest on such costs.

28. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendants OSRAM and Philips are jointly and severally liable for all future response costs that the United States may incur in connection with the East Second Street parcel of the Site;

29. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant OSRAM is liable for all future response costs that the United States may incur in connection with the North Defiance Street and Blanchard Street parcels of the Site.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgment against OSRAM and Philips, jointly and severally, in favor of the United States for all response

costs incurred by the United States for response activities relating to the East Second Street parcel of the Site, including prejudgment interest;

2. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment that OSRAM and Philips, jointly and severally, are liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred at the East Second Street parcel of the Site;

3. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgment against OSRAM in favor of the United States for all response costs incurred by the United States for response activities relating to the North Defiance Street and Blanchard Street parcels of the Site, including prejudgment interest;

4. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment that OSRAM is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred at the North Defiance Street and Blanchard Street parcels of the Site;

5. Award the United States the costs of this action; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

THOMAS A. MARIANI, JR.
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

<pre>
                                        s/ Katherine A. Abend
                                        KATHERINE A. ABEND
                                        Trial Attorney
                                        Environmental Enforcement Section
                                        U.S. Department of Justice
                                        P.O. Box 7611
                                        Washington, D.C.  20044
                                        Telephone: (202) 616-6515
                                        Facsimile: (202) 616-6584
                                        Katherine.Abend@usdoj.gov


                                        STEVEN M. DETTELBACH
                                        United States Attorney
                                        Northern District of Ohio


                                        STEVEN J. PAFFILAS (0037376)
                                        Assistant United States Attorney
                                        Northern District of Ohio
                                        801 West Superior Avenue, Suite 400
                                        Cleveland, OH 44113
                                        Telephone: (216) 622-3698
                                        Facsimile: (216) 522-2404
                                        Steven.Paffilas@usdoj.gov
</pre>

OF COUNSEL:

PETER FELITTI
Associate Regional Counsel
U.S. Environmental Protection Agency - Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, Illinois  60604